CHIERT v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 21, 1905.)

CARRIERS—STREET RAILROADS—PASSENGERS—EJECTION.

Where defendant street railway company was legally bound to issue a transfer to plaintiff at a certain point, and its conductor in fact issued such transfer, it was not entitled to defend an action for wrongful ejection because of plaintiff's refusal to pay fare except by the surrender of such transfer on the ground that it did not issue transfers at such point.

Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Henry Chiert, an infant, etc., against the Interurban Street Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

William E. Weaver, for appellant.

Siegel & Louis, for respondent.

SCOTT, J. The judgment is right, and should be affirmed. It is idle for defendant to attempt to justify the act of its conductor by the assertion that it did not issue transfers at 116th street and Madison avenue, for the uncontradicted evidence is that the conductor of the 116th street car did actually issue such a transfer. Furthermore, it was the legal obligation of defendant to issue such a transfer, and we are not called upon to assume, without the strongest evidence, that defendant failed to comply with the law. Having received a transfer, the plaintiff was entitled to ride upon it. The damages are certainly not excessive, in view of the indignity to which plaintiff was subjected.

Judgment affirmed, with costs.

O'GORMAN, J., concurs.

BLANCHARD, J. (dissenting). The plaintiff brings this action to recover damages for breach of contract for failure of the defendant railway to protect him as a passenger. Plaintiff claims that on November 26, 1902, while he was a passenger on a car going east along 116th street, he asked the conductor for a transfer to the Madison avenue car going south. The conductor gave him a transfer, but for what particular transportation of the plaintiff it does not appear, as the transfer was not put in evidence. At Madison avenue the plaintiff left the 116th street car, boarded a south-bound Madison avenue car, and tendered the transfer to the conductor, who refused to accept it, stating that it was not good on the Madison Avenue Line. The conductor demanded a cash fare from the plaintiff, who refused to pay it, and thereupon, according to his testimony, the motorman and conductor of the car, with the assistance of an inspector of the defendant, seized and threw him off, and caused his arrest by a police officer on a charge of disorderly conduct. He was detained for several hours at a police station, and was arraigned in a police court the next morning. The conductor of the Madison avenue car testified that at the time of this alleged occurrence the transfer offered by the plaintiff had no validity on the Madison Avenue Line; that the 116th Street Line did not at that time issue transfers to the Madison Avenue Line; and that the transfer was not sufficient to entitle a passenger to ride in his car. This evidence stands uncontradicted, and it therefore follows that the plaintiff was in a position of a trespasser, and that the defendant's employés had a right to use reasonable force to eject him therefrom. The plaintiff testified that he made no resistance what-

ever, and his story that he, a boy of 15 years, was forcibly thrown off the car by three men in the employ of the defendant, is hardly credible; especially as the conductor testified that the plaintiff was taken from the car and arrested by a police officer, and that nobody connected with the defendant touched him.    There is no evidence whatever as to what was the result of plaintiff's arrest, nor as to what disposition was made of the charge of disorderly conduct.    It is not claimed by the plaintiff that he received any bodily injury at the hands of the defendant's employés, and it does not appear that they used any unreasonable force in removing him from the car.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.